## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TODD I. WEATHERSBEE,
                Appellant,

        v.

DEPARTMENT OF THE TREASURY,
                Agency.

DOCKET NUMBER
SF-0432-15-0634-I-1

DATE: August 18, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Todd I. Weathersbee</u>, Los Angeles, California, pro se.

<u>Richard I. Anstruther</u>, Esquire, San Francisco, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained his performance-based removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        The appellant served as a GS-11 Revenue Officer with the agency's Internal Revenue Service (IRS) in San Diego.  His duties required him to:  collect delinquent tax and secure delinquent returns from taxpayers who have not resolved their obligations in response to prior correspondence or other contact; counsel taxpayers on their tax filing, deposit and payment obligations actions needed to bring them into full compliance; provide customer service; perform credit and financial analysis of taxpayer financial records as necessary; perform financial investigations in certain situations; plan and take appropriate enforcement actions to secure an assessment on past due returns; and manage delinquency cases and complete required case actions.  Initial Appeal File (IAF), Tab 8 at 72-73.  By memorandum of August 7, 2014, the appellant's first-line supervisor notified him that his performance had been unacceptable in four of his five critical elements:  (II) Customer Satisfaction-Knowledge; (III) Customer Satisfaction-Application; (IV) Business Results-Quality; and (V) Business Results-Efficiency.  The notice set out 47 specific examples of how the appellant's performance failed to meet the performance standards and explained that he would be afforded a 90-day performance improvement period (PIP) to demonstrate at least minimally acceptable performance, and that, during that time, he would meet regularly with his supervisor to review his progress.  *Id.*

at 36-51.  On November 3, 2014, the appellant's supervisor advised him that, based on case reviews conducted between September 1 and October 31, 2014, he was continuing to fail in all four critical elements.  IAF, Tab 7 at 132-33. On March 4, 2015, the appellant's second-line supervisor proposed his removal for failure to perform at the minimum level required for retention in his position under critical elements II, IV, and V.  *Id.* at 105‑28.  After the appellant submitted a written reply, *id.* at 17-102, the Area Director issued a decision finding the reasons and specifications sustained, warranting the appellant's removal, effective May 15, 2015, *id.* at 14‑16.

¶3        On appeal, the appellant challenged the agency's action and argued that it was discriminatory based on race, color, and sex, and retaliatory based on an equal employment opportunity (EEO) complaint he had filed in January 2014. IAF, Tab 1 at 7, 43-47.  He also raised allegations of harmful procedural error, claiming that he never received the letter of decision and that he was on medical leave from approximately November 3, 2014, to January 12, 2015.  *Id.* at 7.  He requested a hearing.  *Id.* at 2.

¶4        In her initial decision based on the written record,[2] IAF, Tab 109, Initial Decision (ID), the administrative judge first addressed the agency's action.  She found that the Office of Personnel Management had approved the agency's performance appraisal system and any significant changes to it, ID at 12-13; that the agency communicated to the appellant the critical elements and performance standards of his position, ID at 13-14; that the performance standards were valid under 5 U.S.C. § 4302(b)(1), ID at 14-15; that the agency warned the appellant of the inadequacies of his performance during the PIP and gave him a reasonable opportunity to demonstrate acceptable performance, ID at 15-17; and that the agency proved by substantial evidence that the appellant's performance remained

---

[2] At a later point during the processing of the appeal, the appellant requested a decision on the record.  IAF, Tabs 16, 29.

unacceptable in one or more critical elements for which he was provided an opportunity to demonstrate acceptable performance, ID at 17-18. The administrative judge concluded that the agency proved by substantial evidence that the appellant's performance was unacceptable. ID at 18‑19.

¶5      In addressing the appellant's affirmative defenses, the administrative judge first considered his claim of harmful procedural error based on his absence due to illness for 23 days, beginning on November 13, 2014. The appellant claimed that he was thereby denied a full 90 days in which to demonstrate improved performance. The administrative judge considered the appellant's supervisor's declaration that the appellant's PIP was extended for 2 days in that the PIP, which was to end on November 5, 2014, was suspended when the appellant went on leave, and that he completed it on January 7, 2015, 2 days after he returned to duty. ID at 7, 17; IAF, Tab 70 at 34. The administrative judge found that the agency afforded the appellant a full 90-day period in which to demonstrate improved performance and that, even if the agency erred in not providing the appellant an additional 23-day extension, he did not show, or even allege, that such an extension would have resulted in a different result, based largely on his refusal to participate in the PIP, deeming it improper. ID at 17.

¶6      The administrative judge then considered the appellant's second claim of harmful procedural error; that is, that the agency failed to properly serve him a copy of the letter of decision. Here, the administrative judge reviewed evidence, which she found to be consistent with the agency's assertions, that it mailed three copies of the decision letter to the appellant, one by first-class mail, one by certified mail, and one by United Parcel Service overnight delivery, and that the latter two were returned as "refused." She considered the appellant's claim that he did not refuse any letters but rather that the mail processing center he had designated to receive his mail did so. The administrative judge found that the center acted as the appellant's agent and that its action in refusing the letters was imputed to him, and was consistent with his having advised his supervisor, the

day after the decision was mailed, that he had placed a "global" direction that mail from the IRS be refused.  ID at 22; IAF, Tab 70 at 83.  The administrative judge further found that the third letter, the one sent by first-class mail, was presumed to be delivered to the appellant, that any harm he suffered by failing to read it or to acknowledge its receipt was not due to any action or inaction of the agency, and that therefore he did not establish harmful error.  ID at 23‑24.

¶7        The administrative judge next addressed the appellant's claim that the agency's action was discriminatory based on his race (African American), color (black) and sex (male).[3]  She found that the appellant failed to show, by documents from his prior EEO complaint, that any of these prohibited

---

[3] During development of the case, the agency sought to depose the appellant in Los Angeles, IAF, Tab 14 at 12-13, the city of his address of record.  He expressed an unwillingness to attend on the designated date, claiming a lack of funds to travel.  *Id.* at 47-53, 42.  The agency offered to conduct the deposition on a different date, but the appellant indicated that he could not guarantee his presence on the new date, *id.* at 31, stating that he would "not attend a deposition for you," *id.* at 30.  The agency filed a motion to sanction him for his nonappearance or to compel his attendance on a future date.  *Id.* at 4-11.  Following a status conference, the agency filed another motion to depose the appellant, IAF, Tab 20, and the administrative judge ordered him to appear for deposition in San Diego, his former work site, explaining that his failure to do so may result in sanctions, IAF, Tab 21.  The appellant again indicated that he was unsure if he would be able to attend.  IAF, Tab 23.  He then advised the administrative judge that he intended to relocate to South Carolina and offered to be deposed there.  IAF, Tab 24.  Noting that the appellant had failed to advise the Board of any change in his address, the administrative judge declined to order the agency to travel 3,000 miles to take the deposition.  IAF, Tab 32.  When the appellant failed to appear at the deposition in San Diego, the agency filed another request for sanctions, seeking, inter alia, a ruling barring the appellant from submitting any evidence or relying on any evidence already submitted.  IAF, Tab 60.  The administrative judge found that the appellant voluntarily and intentionally failed to appear at the San Diego deposition and ruled that he was precluded from introducing as evidence concerning his affirmative defenses any statement under oath in which he made statements in the nature of evidence.  IAF, Tab 76.  The appellant has not challenged the administrative judge's imposition of sanctions and we discern no basis upon which to disturb it.  *Smets v. Department of the Navy*, 117 M.S.P.R. 164, ¶ 11 (2011) (finding that the administrative judge did not abuse her discretion when she precluded the appellant from submitting additional evidence regarding her claim of disability discrimination as a sanction for the appellant's failure to comply with the administrative judge's order to appear for a deposition).

considerations was a motivating factor in his removal; that he pointed to no other employee, different from him on a protected basis, who was similarly situated to him but treated more favorably; and that, considering her finding that the agency proved that the appellant's performance was unacceptable, he did not show that the agency's stated reason for removing him was a pretext for discrimination. As such, she denied these affirmative defenses. ID at 24-27. The administrative judge next addressed the appellant's claim that his removal was retaliatory based on the EEO complaint he had filed that was pending before the Equal Employment Opportunity Commission (EEOC) when he was removed. Although the administrative judge found that the complaint named most of the same officials involved in the appellant's removal, she concluded, based on the strong evidence in the record supporting the appellant's poor performance, that he failed to meet his overall burden of proving retaliation. ID at 27‑29.

¶8      Concluding that the appellant failed to show harmful procedural error, discrimination, or retaliation, the administrative judge affirmed the action, noting that the Board lacks the authority to mitigate penalties in performance-based actions taken under 5 U.S.C. chapter 43. ID at 19, 28-29.

¶9      The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, the agency has responded in opposition, PFR File, Tab 3, and the appellant has replied thereto, PFR File, Tab 4.

¶10     The appellant argues on review that the administrative judge's ruling on jurisdiction was "not consistent with procedure" and constituted an abuse of discretion.[4] PFR File, Tab 1 at 4, 17, Tab 4. The appellant contends that, if the

---

[4] The appellant raised the issue of jurisdiction in a petition for review he filed prior to issuance of the initial decision. IAF, Tab 106. He explained that he did so as "a formal indication/notification that the record on this appeal is closed and no additional evidence/argument will be submitted or taken into account." IAF, Tab 103. The administrative judge advised him that, until the initial decision was issued, Board regulations provide no procedure for a "premature" petition for review and that such pleadings would either be rejected or simply inserted into the file below. IAF, Tab 102.

administrative judge had ruled on his order on jurisdiction, the appellant "will be the prevailing party and the issuance of an initial decision would be the resulting action." PFR File, Tab 1 at 18.

¶11 As noted, when the appellant filed his appeal, he claimed that he did not receive the agency's letter of decision. IAF, Tab 1 at 7. In acknowledging the appeal, the administrative judge advised him that jurisdiction does not vest until the agency has issued a final decision, that he had the burden to prove the Board's jurisdiction over his appeal, and that, unless he amended his appeal to show that a final decision had been issued, it would be dismissed. IAF, Tab 2 at 2. In response, the appellant argued that the Board had jurisdiction over his appeal of his performance-based removal under 5 U.S.C. chapter 43.[5] IAF, Tab 3. After the agency submitted its file, IAF, Tabs 6-8, and indicated that it had no submissions to make as to whether the appeal fell within the Board's jurisdiction, IAF, Tab 9, the administrative judge found that the Board had jurisdiction over the appeal and she discharged her earlier order to the appellant, IAF, Tab 10.

¶12 As such, the administrative judge did rule on the issue of jurisdiction and she ruled in the appellant's favor on that point. However, that initial ruling only allowed the case to proceed to adjudication; it did not, as the appellant contends, render him a "prevailing party." On the contrary, after examining the record, the administrative judge found that the agency had proven its performance-based charges against the appellant, and that he had not established any of his affirmative defenses, resulting in her affirming the agency's action. The appellant has not explained how the administrative judge's ruling on jurisdiction was erroneous or how it otherwise adversely affected the outcome of the case

The administrative judge received the appellant's petition for review into the record, but, finding it lacking in substantive import, she did not address it. ID at 11 n.3.

[5] At that time, the appellant was represented by counsel. IAF, Tab 1. His counsel subsequently withdrew, IAF, Tab 13, and thereafter the appellant appeared pro se, continuing to do so in this petition for review.

since a contrary ruling would have resulted in the administrative judge's dismissal of the appellant's appeal without consideration of any of his claims or affirmative defenses.

¶13        On the merits, the appellant argues on review that he challenged every incident set forth in the PIP notice, and that only three were accurate. PFR File, Tab 1 at 14-15. The record reflects that, with his response to the notice of proposed removal, the appellant submitted his response to the agency's notice that he was to be placed on a PIP, which included his challenge to every case commentary relied upon by the agency in determining to place him on a PIP. IAF, Tab 7 at 63-98. However, there is no requirement that an agency establish the unacceptability of pre-PIP performance. *Thompson v. Department of the Navy*, 89 M.S.P.R. 188, 196 (2001). The appellant did not at that time, nor during adjudication, specifically challenge the examples of unacceptable performance relied upon by the agency in proposing his removal. The agency's detailed proposal notice included numerous specific and detailed examples of the appellant's unacceptable performance, 18 under critical element II, 27 under critical element IV, and 29 under critical element V. IAF, Tab 7 at 105-28; *see DePauw v. U.S. International Trade Commission*, 782 F.2d 1564, 1566‑67 (Fed. Cir.) (observing that specifications in a notice of proposed removal under chapter 43 that are sufficiently detailed to be disputed by the appellant may be considered as evidence). In addition, the agency submitted copies of forms it used to provide written feedback on the appellant's case work, IAF, Tab 70 at 49-80, and a declaration by the appellant's supervisor addressing his performance during the PIP, *id.* at 33-39. Notwithstanding the appellant's assertion on review that his performance was "not actually unacceptable," PFR File, Tab 1 at 6, we agree with the administrative judge's well-supported finding that the agency proved by substantial evidence that the appellant's performance in one or more critical elements remained unacceptable despite being afforded an opportunity to improve, ID at 17‑19.

¶14     The appellant challenges on review the administrative judge's finding that he did not establish his claim of harmful procedural error based on his alleged failure to receive the agency's letter of decision. PFR File, Tab 1 at 10-12. The appellant first argues that none of the letters was mailed from the office of the deciding official who generated the letter. *Id.* at 10. Even assuming that the appellant is correct and that the source of the mailings constituted an error on the agency's part, he has not shown how he was harmed thereby because he has failed to show, nor is it otherwise apparent, that any such error was likely to have caused the agency to reach a conclusion different than the one it would have reached in the absence or cure of the error. *Vena v. Department of Labor*, 111 M.S.P.R. 165, ¶ 9 (2009). Next, the appellant denies that he received the third letter, the one sent by first-class mail. PFR File, Tab 1 at 10. He contends that, if indeed the letter were sent, "most likely" the mail processing center would have returned it, as it did the others. *Id.* at 10-11. The Board presumes that documents placed in the mail are received in 5 days. *Williamson v. U.S. Postal Service*, 106 M.S.P.R. 502, ¶ 7 (2007). The administrative judge found that evidence submitted by the agency supported its position that, like the other two letters, the third letter was mailed to the appellant at his address of record, which is a mail processing center, ID at 24 n.10, that that evidence was both internally consistent and consistent with documentary evidence sufficient to invoke the presumption of receipt, ID at 21-22, and that the appellant had offered nothing to rebut the presumption of receipt, ID at 23. The appellant's mere supposition on review that the mail processing center likely returned the third letter is insufficient to rebut the presumption of receipt. We find, therefore, that the appellant has not shown that the administrative judge erred in finding that he did not establish procedural error on the part of the agency as to his claimed nonreceipt of the letter of decision.[6]

---

[6] Despite the appellant's claim that he did not receive the letter of decision, he filed a

¶15    Regarding the appellant's other affirmative defenses, he states on review that he "will not request that the EEO matter be addressed within this petition for review," PFR File, Tab 1 at 7, and indeed he has not challenged any of the administrative judge's findings regarding his claims of discrimination and retaliation for protected EEO activity.[7]  Based on our review, we find that the administrative judge applied current Board law to analyze these claims, *see Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 42 (2015), and to find them unsupported.  We discern no reason to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge. *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997).

¶16    Finally, the appellant appears to argue on review that the administrative judge was biased against him because, in his view, she prejudged the appeal, ensuring that the agency's action would be affirmed.  PFR File, Tab 1 at 13, 16. An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible."  *Bieber v. Department of the Army*, 287 F.3d 1358, 1362‑63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).  However, in making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators.  *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980).  The appellant's complaints about the administrative judge's conduct in the adjudication of his appeal do not evidence anything that would make fair judgment impossible and are insufficient to overcome the presumption of honesty and integrity that accompanies

timely appeal of the agency's action.  IAF, Tab 1.

[7] We need not address the appellant's claims regarding the EEOC's processing of a complaint he allegedly filed in 2015, PFR File, Tab 1 at 7-9, a matter nowhere raised in this appeal.

administrative adjudicators. *Young v. U.S. Postal Service*, 115 M.S.P.R. 424, ¶ 19 (2010).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court.

*See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:          _____
                        Jennifer Everling
                        Acting Clerk of the Board

Washington, D.C.